# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANNAMARIE R. FRANCIS,<br>            Appellant, | DOCKET NUMBER<br>AT-0752-13-7722-I-1 |
|      v. | |
| DEPARTMENT OF THE AIR FORCE,<br>            Agency. | DATE: January 13, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel R. Schramm, Esquire, Chesterfield, Missouri, and David A. Cox,
Esquire, Saint Louis, Missouri, for the appellant.

William David Vernon, Esquire, Joint Base Andrews, Maryland, for the
agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective September 14, 2009, the appellant received an excepted service appointment in the Federal Career Intern Program (FCIP) as a Contract Specialist. *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 2 (2013). The FCIP appointment was intended to continue for 2 years unless extended for an additional year. *Id.* Fourteen months later, on November 19, 2010, the agency terminated the appellant for failure to make satisfactory progress in the training program. *Id.*

¶3 The appellant filed a chapter 75 appeal with the Board but later requested that her appeal be treated as an individual right of action (IRA) appeal. *Id.*, ¶ 3. The administrative judge denied corrective action under the Whistleblower Protection Act, and the appellant filed a petition for review. *Id.*, ¶ 5. The Board dismissed the IRA appeal for lack of jurisdiction. *Id.*, ¶ 13. However, because nothing in the record reflected that the appellant made a knowing and informed waiver of her chapter 75 appeal rights under 5 U.S.C. § 7121(g), the Board adjudicated the appellant's appeal as both an IRA appeal and as a chapter 75 appeal of what the agency characterized as her termination during her

probationary period. *Id.*, ¶ 7, *see Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 (2013) (an employee who has been subjected to an action appealable to the Board and who alleges that he has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect to pursue, inter alia, an appeal to the Board or a complaint with the Office of Special Counsel; however, an employee's election of remedies will not be binding if it is not knowing and informed).

¶4        The Board noted that the agency maintained that it terminated the appellant during the probationary period of her FCIP appointment, precluding her from having Board appeal rights.  The Board found, however, that because the Standard Form (SF)-50 appointing the appellant provided that she was subject to a 1-year probationary period, and she was employed for more than 1 year, the appellant made a nonfrivolous allegation that she had completed her probationary period and was an employee under 5 U.S.C. § 7511(a)(1)(C)(i) with adverse action appeal rights to the Board.  *Francis*, 120 M.S.P.R. 138, ¶¶ 14-21.  However, the Board took official notice of DOD 1400.25–M, which applied to Military Departments, and provided in relevant part that an FCIP appointment is subject to a 2–year probationary period.  *Francis*, 120 M.S.P.R. 138, ¶ 21.  The Board found that the record was not sufficiently developed to resolve the conflict regarding the length of the probationary period as documented on the appellant's SF-50 and the length set forth in DOD 1400.25–M.  *Id.*

¶5        The Board forwarded the chapter 75 appeal to the regional office for docketing and a determination of whether the full 2-year term of the appellant's FCIP appointment constituted a probationary or trial period notwithstanding the notation on her SF-50.  *Id.*, ¶ 21.  The Board indicated that, because the appellant had made a nonfrivolous allegation of jurisdiction, she was entitled to a jurisdictional hearing if she wanted.  *Id.*, ¶ 22; *see Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).  Pursuant to the Board's order, the regional office

docketed this appeal and provided the appellant a jurisdictional hearing. Initial Appeal File (IAF), Tabs 1, 13.

¶6      The administrative judge found that the agency appointed the appellant to the FCIP position in the National Security Personnel System (NSPS). IAF, Tab 23, Initial Decision (ID) at 2.[2] However, before her separation and as a result of the elimination of the NSPS,[3] the agency converted her FCIP position to the General Schedule (GS) system. ID at 2. The administrative judge found that DOD 1400.25–M was not binding on the agency at the time of the appellant's separation because, by its terms, the chapter in which this provision appeared was for the purpose of the NSPS. ID at 5. He found, however, that the Air Force Plan for the Defense Career Intern Program (hereafter "Air Force Plan"), effected in 2001, was applicable to the appellant's FCIP GS position at the time of her separation.[4] ID at 6. He also found that the Air Force Plan provided that the 2 years an FCIP intern spends on the excepted appointment serve as the intern's probationary period. ID at 6. The administrative judge further found that, despite the language included within the SF-50 documenting the appellant's appointment, she failed to prove by preponderant evidence that her appointment was subject to a 1-year, as opposed to a 2-year, probationary or trial period. ID at 7. Thus, he found that the appellant failed to prove that she had completed her probationary or trial period when the agency separated her 14 months after her appointment. ID at 7.

---

[2] The particular program that the appellant was hired into was called the Copper Cap program; it is undisputed however, that the position was the agency's equivalent of an FCIP position.

[3] On October 28, 2009, the President signed into law the National Defense Authorization Act for Fiscal Year 2010, Pub. L. No. 111–84, 123 Stat. 2190, 2498, which repealed the statutory authority for the NSPS.

[4] The administrative judge relied on the fact that the 2001 Air Force Plan was cancelled in 2013, after the appellant's separation, and thus was in effect for GS positions until its cancellation. ID at 6.

¶7        Next, the administrative judge found that the appellant failed to prove that the doctrine of equitable estoppel precluded the agency from relying on any probationary period longer than that identified in the appointment SF-50. ID at 7. He found that the record showed that the SF-50s documenting the appointment of a number of FCIP interns incorrectly indicated that the appointments were subject to 1-year probationary periods. ID at 9. However, he found that the appellant failed to present sufficient circumstantial evidence to establish that it was more likely than not that the erroneous annotation on her SF-50 was more than a simple mistake resulting from possible negligence and failed to show that the erroneous annotation constituted affirmative misconduct. ID at 9-10. Thus, he found that the agency's action was the termination of a probationary employee with no adverse action appeal rights to the Board, and the appeal must be dismissed for lack of jurisdiction. ID at 10.

¶8        It is well-settled that to terminate a person while that person is still a probationer the separation action must be effected prior to the end of the probationer's tour of duty on the last day of probation, which is the day before the anniversary date of his appointment. *See Scull v. Department of Homeland Security*, 113 M.S.P.R. 287, ¶ 12 (2010). The dispositive issue in this appeal is whether the agency, in fact, terminated the appellant during her probationary appointment, as it intended. If it did, then the appellant has no statutory right to appeal the action but has only a limited regulatory right of review for reasons not advanced by the appellant in this case; that is, her termination was based on partisan political or marital status reasons. 5 C.F.R. § 315.806(a), (b).

¶9        In her petition for review, the appellant contends that the administrative judge erred in finding that the Air Force Plan, providing for a 2-year probationary period for FCIP employees, was applicable to her position. Petition for Review File, Tab 1. However, the appellant admits that "effective in the [Fiscal Year] 2005 hiring cycle" her position was made part of the FCIP program, the program

governed by the Air Force Plan. *Id*. at 15. Thus, the appellant's position was subject to provisions governing the FCIP before she was hired in 2008. *Id*. at 15.

¶10    The appellant also contends that the administrative judge erred in relying on the Air Force Plan because the agency did not rely on it to argue that the appellant was serving a 2-year probationary period. As the appellant asserts, the agency relied primarily on DOD 1400.25–M, which provided for a 2-year probationary period for FCIP appointees under the NSPS. The administrative judge properly found that DOD 1400.25–M was not binding on the agency at the time of the appellant's separation because this provision was for the purpose of positions in the NSPS. However, the agency also submitted the Air Force Plan and the administrative judge properly considered it. In any event, that the agency did not rely on this submission in its arguments below is immaterial because the issue of the Board's jurisdiction is always before the Board and may be raised sua sponte by the Board at any time during a Board proceeding. *See Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 8 (2010). We agree with the administrative judge that the Air Force Plan was effective regarding FCIP positions in the GS system at the date of the appellant's termination. We are persuaded that the Air Force Plan applied to GS positions after they were converted out of the NSPS by the fact that the Air Force Plan was effective until the agency reverted to the GS system, which occurred after the appellant's termination. Further, the authority repealing the NSPS called for the conversion of all employees and positions under the NSPS to all aspects of the personnel system that applied prior to conversion to NSPS. *See Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 2 (2012). Although the regulation relied on by the administrative judge is no longer in effect, it was in effect on the date of the appellant's termination. The regulations in effect at the time that the agency took the action should apply in this appeal. *See Hill v. Department of the Air Force*, 42 M.S.P.R. 187, 190 (1989).

¶11　　The appellant also contends that the administrative judge erred in finding that the doctrine of equitable estoppel did not preclude the agency from relying on any probationary period longer than that identified in the appellant's appointment SF-50.　Affirmative misconduct is a prerequisite for invoking equitable estoppel against the government.　*See Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 9 (2010).　In addition, to invoke equitable estoppel against the government, the party claiming estoppel must have reasonably relied on the other party's misrepresentation to his detriment; moreover, detrimental reliance requires evidence that the appellant's position changed for the worse or that she relinquished a valuable right.　*Id*.; *King v. Office of Personnel Management*, 114 M.S.P.R. 181, ¶ 19 (2010).　Thus, there are two elements that must be shown to prove a claim of equitable estoppel, affirmative misconduct and reasonable reliance on that misconduct.　*Perez Peraza*, 114 M.S.P.R. 457, ¶ 9.　Of particular relevance here, negligently providing misinformation does not constitute affirmative misconduct.　*See id*., ¶ 10.　We find that this rule is sufficient to resolve this case.

¶12　　As the administrative judge found, the SF-50s documenting a number of interns in the appellant's program indicated that these appointments were subject to a 1-year probationary period, and these SF-50s were authenticated by several human resource specialists at different Air Force bases. ID at 9.　However, while this evidence established that the misinformation was widespread, only 15 percent of the interns received SF-50s inaccurately stating that they had a 1-year probationary period.　We agree with the administrative judge that this circumstantial evidence is insufficient to establish to a reasonable person, considering the record as a whole, that it is more likely than not that the erroneous annotation on the appellant's SF-50 was more than a simple mistake resulting from possible negligence on the part of the agency employee who processed that document.　ID at 9.

¶13     In sum, we conclude that the administrative judge properly found that the agency terminated the appellant during her 2-year probationary period and correctly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.